Mr. James C. Brady Lauderdale Lakes City Attorney Brady and Coker 1318 Southeast Second Avenue Fort Lauderdale, Florida 33316
Dear Mr. Brady:
As city attorney for the City of Lauderdale Lakes, you have asked for my opinion on the following questions. In a situation where a municipality has a city manager form of government and the city manager, as chief executive officer, has formed a negotiating committee to assist in labor negotiations:
1. May members of a labor negotiating committee created by the city manager to assist him in collective bargaining matters participate in closed executive sessions conducted pursuant to section 447.605(1), Florida Statutes?
2. During active negotiations, may the negotiating committee adjourn to hold a caucus among its members to determine the strategy to be employed in ongoing negotiations?
3. Can the members of a labor negotiating committee meet to discuss among themselves labor negotiation strategies and use the exemption in section 447.605(1), Florida Statutes, to hold such meetings outside the Government in the Sunshine Law?
In sum:
1. Under section 447.605(1), Florida Statutes, a committee formed by the city manager to represent the city in labor negotiations may participate in closed executive sessions to discuss labor negotiation strategy.
2. and 3. The exemption from the Government in the Sunshine Law contained in section 447.605(1), Florida Statutes, would extend to meetings of the negotiating committee held to discuss labor negotiation strategies.
According to your letter, the City of Lauderdale Lakes has a city manager form of government, that is, the city manager is the chief executive officer. The city manager has formed a committee to assist in labor negotiations with a bargaining unit. The committee consists of the city manager, managerial and supervisory members of the fire department, the human services officer and the finance director. This committee is charged with negotiating a bargained-for agreement on behalf of the city. The committee will negotiate the terms of the agreement subject to eventual ratification by the city commission.
Question One
Chapter 447, Florida Statutes, regulates labor organizations and collective bargaining for public employees in Florida.[1] Sections447.309 and 447.403, Florida Statutes, clearly outline the specific functions of the chief executive officer and the legislative body throughout the course of the collective bargaining process. Section 447.309(1), Florida Statutes, provides that the chief executive officer is to consult with and attempt to represent the views of the legislative body.
Section 447.605, Florida Statutes, requires that collective bargaining negotiations between a chief executive officer, or his or her representative, and a bargaining agent shall be in compliance with the Government in the Sunshine Law.[2] However, the discussions and consultations of the chief executive officer with the legislative body relative to collective bargaining are exempt from section 286.011, Florida Statutes, and need not be open to the public.[3] Section 447.605(1), Florida Statutes, provides that:
"All discussions between the chief executive officer of the public employer, or his or her representative, and the legislative body or the public employer relative to collective bargaining shall be closed and exempt from the provisions of s. 286.011."
The exemption only extends to and applies in the context of the collective bargaining process itself and is inapplicable in the absence of actual or impending collective bargaining negotiations.[4]
The chief executive officer of a public employer is responsible for bargaining collectively with the representative of the employee organization and consulting with and representing the views of the legislative body of the public employer.[5] Any agreement reached between the chief executive officer and the employees' bargaining agent must be ratified by the legislative body of the public employer at a regularly scheduled meeting before it becomes binding on the employer.[6] If the legislative body does not ratify the tentative agreement or if a majority of the employees do not ratify it, the agreement is returned to the chief executive officer and the employee organization for further negotiations.[7] Thus, the purpose of the discussions between the chief executive officer, or his or her representative, and the legislative body or the public employer is to allow the chief executive officer or representative to seek direction and information from the public employer regarding its position on the pending collective bargaining issues.
Section 447.605(1), Florida Statutes, provides an exemption from the Government in the Sunshine Law for meetings between the chief executive officer and the city commission. This office, in a 1985 opinion, determined that the negotiating committee of a city that lacked a city administrator or city manager could utilize the exemption afforded by section 447.605(1), Florida Statutes, when meeting with the city council to discuss pending collective bargaining negotiations. This office noted that the term "person" used in the definition of "chief executive officer" contained in section 447.203(9), Florida Statutes, need not be interpreted to mean only individuals.[8]
The opinion concluded that the chief executive officer, whether that position was held by an individual or a group, should also be allowed the benefits provided by section 447.605(1), Florida Statutes, that is, the opportunity to consult privately with the legislative body or the public employer. Moreover, section447.605(1), Florida Statutes, specifically recognizes that the role of the chief executive officer may be delegated to the officer's representative.
In Attorney General's Opinion 98-06, this office considered whether a school superintendent and the labor negotiating committee the superintendent had appointed could meet with the school board pursuant to section 447.605(1), Florida Statutes, to discuss matters relating to pending collective bargaining. The factual circumstances of that opinion involved a school superintendent who had delegated his collective bargaining responsibilities to a separate negotiating committee and did not himself participate in the collective bargaining negotiations.
In that opinion it was noted that it was the responsibility of the superintendent as chief executive officer to consult with and represent the views of the school board during collective bargaining negotiations. The discussions exempted pursuant to section 447.605(1), Florida Statutes, are those held to advise the negotiators of the position of the public employer.
Accordingly, where the superintendent's responsibility to conduct collective bargaining had been completely delegated to a separate and independent labor negotiating committee, and the superintendent did not participate in the collective bargaining negotiations, the exemption set forth in section 447.605(1), Florida Statutes, did not encompass discussions among the committee, school board and superintendent.
In the instant case the city manager has not delegated his authority to negotiate, rather he has enlisted the help of a number of city employees with particular knowledge of the city's collective bargaining issues. With these city employees he has constituted a committee to represent the city in negotiations. As the representative of the chief executive officer of the City of Lauderdale Lakes this group may meet in closed executive session with the city commission pursuant to section 447.605(1), Florida Statutes.
Therefore, it is my opinion that section 447.605(1), Florida Statutes, authorizes the chief executive officer of a municipality, individually, or by committee acting as the chief executive officer, to hold a closed meeting with the city commission to discuss collective bargaining.
Questions Two and Three
The exemption which applies to collective bargaining by local governments is contained in section 447.605(1), Florida Statutes, which specifically addresses meetings between the negotiating committee and the city commission. However, as discussed above, these meetings are intended to provide direction and information from the public employer to the committee regarding its position on pending collective bargaining issues. The purpose of the exemption is to allow the governmental entity to develop and communicate an effective negotiating strategy which will then be used in open negotiating sessions.
The exemption from open meetings in section 447.605(1), Florida Statutes, specifically applies to meetings between the "chief executive officer" and the legislative body for the municipality as they develop strategies for bargaining. However, it would be counterproductive to allow strategy development meetings between the committee and the city commission in private but then require the members of the city's negotiating committee to meet in public when further discussion of that strategy is necessary among themselves.
This is not to suggest that collective bargaining negotiations between the representatives of the city and the bargaining agent may be closed. Section 447.605(2), Florida Statutes, requires that these meetings be held in compliance with the Government in the Sunshine Law. Rather, in furtherance of the policy expressed in section 447.605(1), Florida Statutes, that the city be allowed to develop its labor negotiations policy in private for use in a public negotiation session, the members of a labor negotiation committee representing the interests of the city may meet in private to formulate their position.
Therefore, it is my opinion that the exemption from the Government in the Sunshine Law contained in section 447.605(1), Florida Statutes, would extend to meetings of the negotiating committee held to discuss labor negotiation strategies. In light of this conclusion it would be appropriate for the negotiating committee to adjourn during ongoing collective bargaining negotiations to hold a caucus among committee members to determine the strategy to be employed in ongoing negotiations. Further, it would be appropriate for the members of a labor negotiating committee to meet to discuss among themselves labor negotiation strategies for use during public collective bargaining negotiations.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, s. 447.203(3), Fla. Stat., for a definition of "public employee".
[2] Section 447.605(2), Fla. Stat.
[3] See, City of Winter Haven v. Florida Public EmployeesRelations Commission, 358 So.2d 1374, 1376-1377 (Fla. 1st DCA 1978). And see, s. 286.011(1), Fla. Stat., providing:
"[a]ll meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting."
[4] See, City of Fort Myers v. News-Press Publishing Company,Inc., 514 So.2d 408 (Fla. 2d DCA 1987); Op. Att'y Gen. Fla. 75-48 (1975).
[5] See, s. 447.309, Fla. Stat.; City of Winter Haven v. FloridaPublic Employees Relations Commission, 358 So.2d 1374 (Fla. 1st DCA 1978).
[6] Section 447.309(1), Fla. Stat.
[7] Section 447.309(4), Fla. Stat.
[8] See, Op. Att'y Gen. Fla. 85-99 (1985).